IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| New York Life Insurance Company, ) | C/A No.: 3:10-2390-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CONSENT ORDER FOR |
| ) | DISBURSEMENT AND DISMISSAL |
| Z.B., Deborah B. Edack, J.O.E., Denise ) | |
| J. Brennan, Lisa M. Brennan, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the joint request of the parties for an order (a) allowing the benefits of the subject Employee Progress-Sharing Investment Plan ("EPSI" or "Plan") to be paid to Defendants Z.B., Deborah B. Edack, J.O.E., Denise J. Brennan, and Lisa M. Brennan as outlined below, (b) discharging the Plaintiff, New York Life Insurance Company ("New York Life"), from further liability, (c) awarding the sum of SIX THOUSAND AND NO/100S ($6,000.00) DOLLARS in attorneys' fees to New York Life, and (d) dismissing this action with prejudice.

The Court is informed of the following facts pertinent to the rulings requested by the parties:

(1)     Kathleen Brennan was an employee of New York Life and, during her employment, enrolled in the EPSI Plan.

(2)     On or around November 18, 1971, Kathleen Brennan designated Henry L. Brennan, her brother, as the beneficiary of her EPSI Plan in the event of her death.  In the event of his death, Ms. Brennan designated Deborah, Denise, and Lisa Brennan, her nieces, as the contingent beneficiaries of her EPSI account funds.

(3)     Kathleen Brennan died on May 15, 2010, and Henry L. Brennan predeceased her.

(4) On or about July 16, 2010, the attorney for the Estate of Kathleen Brennan gave notice to New York Life that a dispute existed between the beneficiaries named in the Last Will and Testament of Kathleen Brennan and the contingent beneficiaries designated pursuant to the EPSI Designation of Beneficiary Form. The Last Will and Testament of Kathleen Brennan provided that Deborah Edack, J.O.E., and Z.B. would be entitled to receive the funds in the EPSI account.

(5) As of December 6, 2010, the balance in the EPSI account was TWO HUNDRED SEVENTY-NINE THOUSAND NINE HUNDRED FOURTEEN AND 44/100S ($279,914.44) DOLLARS. This amount fluctuates and may increase or decrease prior to final disbursement.

The record further reflects that based on the potential conflicting claims of the beneficiaries named in the designation of beneficiary form and those named in the will, New York Life filed this interpleader action on September 14, 2010, seeking to deposit with the registry of the Court the funds in the subject EPSI Plan.

The Court is now informed that the defendants have settled their dispute and agreed to divide the funds in the EPSI Plan in accordance with the below percentage allocations:

| Name | Percentage |
| --- | --- |
| Deborah B. Edack | 33.33% |
| Denise J. Brennan | 20.55% |
| Lisa M. Brennan | 20.55% |
| Z.B. | 12.78% |
| J.O.E. | 12.78% |

The Court is further informed that the parties agree that New York Life should be awarded the sum of SIX THOUSAND AND NO/100s ($6,000.00) DOLLARS for its attorneys' fees and costs for initiating this interpleader action. This sum shall be withheld from the payments to be issued to

each of the defendants in the below amounts:

    (1)    TWO THOUSAND AND NO/100S ($2,000.00) DOLLARS from Deborah B. Edack's share of the EPSI account funds;

    (2)    ONE THOUSAND TWO HUNDRED THIRTY-THREE AND 19/100S ($1,233.19) DOLLARS from Denise J. Brennan's share of the EPSI account funds;

    (3)    ONE THOUSAND TWO HUNDRED THIRTY-THREE AND 19/100S ($1,233.19) DOLLARS from Lisa M. Brennan's share of the EPSI account funds;

    (4)    SEVEN HUNDRED SIXTY-SIX AND 81/100S ($766.81) DOLLARS from Z.B.'s share of the EPSI account funds; and

    (5)    SEVEN HUNDRED SIXTY-SIX AND 81/100S ($766.81) DOLLARS from J.O.E.'s share of the EPSI account funds.

Now, therefore, the Court hereby orders the following:

    (a)    New York Life is awarded the sum of SIX THOUSAND AND NO/100S ($6,000.00) DOLLARS for its attorneys' fees and costs incurred in commencing and litigating this interpleader action, and New York Life is expressly authorized to withhold said amount from the EPSI account funds.

    (b)    Each defendant shall be entitled to receive his or her portion of the EPSI account funds remaining after the deduction for the attorneys' fees of New York Life, in accordance with the above-stated agreed percentage allocations. The EPSI account funds shall be disbursed in accordance with the EPSI plan documents and any elections made by Kathleen Brennan.

    (c)    Each of the defendants is enjoined and restrained from instituting any future action against New York Life for the purpose of determining the proper beneficiary of the funds in the EPSI

account of Kathleen Brennan or to seek payment of any funds from such account.

    (d)    Upon the disbursement of funds as stated hereinabove, New York Life shall be forever discharged of any further obligations with respect to the EPSI account for Kathleen Brennan.

    (e)    This action is hereby dismissed, with prejudice.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

April 21, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge